# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 570 | **DATE** | 4/29/2004 |
| **CASE TITLE** | GTC Intl Holdings, Inc. vs. John Burns | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed without prejudice to re-file within fourteen days of the date of this order. Defendant's motion to transfer is denied as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JYM | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | MF | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GTC INTERNATIONAL HOLDINGS, INC., | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04 C 0570 |
| JOHN BURNS, | ) ) | Judge John W. Darrah |
| Defendant. | ) ) | |

DOCKETED APR 30 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, GTC International Holdings, Inc., filed suit against Defendant, John Burns, seeking damages for breach of his fiduciary duty of loyalty to GTC and its shareholders, as well as a declaratory judgment affirming that the Defendant breached his fiduciary duty of care to GTC and its shareholders, breached his September employment contract, that he is not owed accelerated final payment of all outstanding principal and interest under a Secured Promissory Note in consequence of the termination of his employment, and that he continues to have non-competition and confidentiality obligations to GTC.

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer.

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

Art Wholesalers, Inc. ("AWI") and Silver Capital Corporation ("SCC") are wholly owned by GTC. SCC wholly owns Stratton Picture Company ("Stratton"). Defendant, John Burns, was, at various relevant times, simultaneously the President and Chief Operating Officer of GTC, AWI, SCC and Stratton; a member of the Boards of Directors of GTC, AWI, SCC and Stratton; and a

member of the Executive Committee of GTC. On or about September 15, 2003, GTC, AWI, SCC, Stratton and Defendant executed an Employment Agreement providing for Defendant to be employed as President and Chief Operating Officer of Plaintiff GTC, AWI, SCC and Stratton; to serve as a member of the Board of Directors and Executive Committee of GTC; and to report to the Chairman of GTC. On or about December 1, 2003, Defendant resigned his positions as President and Chief Operating Officer of GTC, SCC and Stratton. Defendant remained President and Chief Operating Officer of AWI; a member of the Board of Directors and Executive Committee of GTC; and a member of the Boards of Directors of AWI, SCC and Stratton.

GTC and AWI are members of a single enterprise engaged in a common business venture. The corporations are closely held, and their general business interests are aligned. In 2003, GTC and AWI filed a combined tax return.

Plaintiff, GTC is a corporation organized under the laws of the state of Delaware with its principal place of business in Bedford Park, Illinois. Defendant Burns resides in the state of Arizona.

Defendant contends Plaintiff's Complaint should be dismissed or, in the alternative, transferred because: (1) this Court lacks subject matter jurisdiction because GTC has not established diversity between the parties, GTC is not the real party in interest, and GTC has failed to join an indispensable party; and (2) venue in this district is improper.

To complete diversity jurisdiction, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). There is no dispute that the second prong is satisfied. As to diversity of citizenship, residence and citizenship are not

2

synonyms – it is the latter that matters for purposes of diversity jurisdiction. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Generally, an individual's state of citizenship, for diversity purposes, is the state of his domicile, the state he considers his permanent home. *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991). Physical presence in a state with intent to remain there is necessary to establish domicile for purposes of diversity jurisdiction. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). An allegation of residency without citizenship is insufficient to establish diversity jurisdiction. *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir. 2001). Generally, when a party bringing an action under the court's diversity jurisdiction alleges residency but not citizenship, the court must dismiss the suit. However, a plaintiff may be granted leave to amend his complaint pursuant to 28 U.S.C. § 1653. *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998).

In this case, the Plaintiff has alleged that the Defendant resides in Arizona. While it is true that the Defendant has not denied Arizona citizenship, he also has not confirmed it. In order for diversity jurisdiction to exist, the Plaintiff must allege diverse *citizenship* of the parties in its Complaint. Accordingly, Plaintiff has failed to properly plead diversity.

For the foregoing reason, Defendant's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed without prejudice to refile within fourteen days of this order. Defendant's Motion to Transfer is denied as moot.

Dated: April 29, 2004

JOHN W. DARRAH
United States District Judge

3