# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 570 | **DATE** | 9/22/2004 |
| **CASE TITLE** | GTC International Holdings, Inc. vs. Burns | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, plaintiff's complaint is dismissed. Defendant's motion to transfer venue is denied as moot. Enter Memorandum Opinion and Order. Any pending dates or motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 3 2004 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JXM | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



SEP 2 3 2004

GTC INTERNATIONAL HOLDINGS, INC., )
)
Plaintiff, )
) No. 04 C 0570
v. )
) Judge John W. Darrah
JOHN BURNS, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, GTC International Holdings, Inc., filed suit against Defendant, John Burns, seeking damages for breach of Defendant's fiduciary duty to Plaintiff and its shareholders. Plaintiff also seeks a declaratory judgment affirming, among other things, that: (1) Defendant is not owed accelerated final payment of all outstanding principal and interest under a Secured Promissory Note in consequence of the termination of his employment; and (2) under certain conditions, a failure to make any payment due under the Secured Promissory Note would not constitute a default.

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, to Transfer. The basis for subject matter jurisdiction in Plaintiff's Complaint is diversity jurisdiction. Defendant contends that the real party in interest, New Art Co., has not been added to this action by Plaintiff; Defendant also contends that New Art Co. is an indispensable party to this action. Under either analysis, if New Art Co. was added as a party, complete diversity would not exist, and the matter would be subject to dismissal for lack of subject matter jurisdiction because New Art Co. and Defendant are both citizens of Arizona. For the following reasons, Defendant's Motion to Dismiss is granted.

## **LEGAL STANDARD**

For subject matter jurisdiction to exist in a matter alleging diversity of citizenship, two requirements must be met. First, the amount in controversy between the parties must exceed $75,000.00. 28 U.S.C. § 1332(a). Second, complete diversity of citizenship must exist between the plaintiffs and the defendants. 28 U.S.C. § 1332(a). A corporation is deemed to be a citizen of any state where it is incorporated and any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Generally, if subject matter jurisdiction is not apparent from the face of a complaint, the allegations from the complaint are taken as true. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*United Phosphorus*). However, "if the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus*, 322 F.3d at 946. "The burden of proof is on the party asserting jurisdiction." *United Phosphorus*, 322 F.3d at 946. Evidence may be weighed to determine whether subject matter jurisdiction has been established. *United Phosphorus*, 322 F.3d at 946.

Plaintiff is a Delaware corporation with its principal place of business in Illinois. Defendant is a citizen of Arizona. New Art Co. is Plaintiff's wholly-owned subsidiary and is incorporated in and, therefore, is a citizen of Arizona.

## BACKGROUND

In January 2003, Defendant sold all the assets of his business to New Art Co. Defendant then signed an employment agreement and a non-competition agreement with New Art Co.[1] These agreements were later superceded by other agreements among Plaintiff, New Art Co., other wholly-owned subsidiaries of Plaintiff, and Defendant.

Defendant and New Art Co. also executed a Secured Promissory Note which provides that, in the event of certain defaults by New Art Co., the principal and outstanding interest under the Secured Promissory Note will become immediately due and payable. It further provides that under certain conditions, a failure to make any payment due under the Note does not constitute a default. Defendant and New Art Co. were the only parties to the Secured Promissory Note. The Secured Promissory Note is to be governed according to Arizona law.

Pursuant to these agreements, Defendant became President and Chief Operating Officer of Plaintiff and its subsidiaries. Thereafter, Defendant resigned from many of these positions but remained as President and Chief Operating Officer of New Art Co. Plaintiff terminated Defendant's employment with New Art Co. for cause, in part because of Defendant's alleged failure to perform his duties.

## ANALYSIS

*The Real Party in Interest*

Defendant contends that Plaintiff is not the real party in interest to most of the claims in the Amended Complaint. Specifically, Defendant argues that New Art Co., and not Plaintiff, is a

---

[1] In September 2003, Defendant executed an employment agreement with Plaintiff and Art Wholesalers, Inc. which superceded the January 2003 employment agreement.

party to the Secured Promissory Note; therefore, only New Art Co. can seek a declaration concerning its obligations under the Secured Promissory Note.

In response, Plaintiff claims that it is in privity to the Secured Promissory Note and can seek a determination of its rights under the Note. Plaintiff also asserts that it can assert the claims under the Secured Promissory Note because the parent corporation, Plaintiff, is the real party interest for the claims of its wholly-owned subsidiary, New Art Co. Plaintiff further asserts that any claims that could be asserted by New Art Co. are merely incidental to Plaintiff's claims relating to Defendant's alleged wrongdoings.

Federal Rule of Civil Procedure 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest." To determine whether a party is a "real party in interest" in a diversity proceeding, a court "must look to the applicable state substantive law." *Am. Nat'l Bank & Trust Co. v. Weyerhaeuser Co.*, 692 F.2d 455, 459-60 (7th Cir. 1982).

Neither party has addressed what law should apply. However, both Illinois law and Arizona law only permit a party to a contract, a third-party beneficiary to that contract, or a party in privity to a contract to enforce that contract. *White Hen Pantry, Inc. v. Cha*, 574 N.E.2d 104, 109 (1991); *Lake Havasu Resort, Inc. v. Commercial Loan Ins. Corp.*, 678 P.2d 950, 956 (Ariz. Ct. App. 1983). Here, Plaintiff is not a party to the Secured Promissory Note nor a third-party beneficiary to the Secured Promissory Note, and Plaintiff presents no arguments to the contrary.

Plaintiff argues that it is in privity to Defendant concerning the Secured Promissory Note because New Art Co. is Plaintiff's wholly-owned subsidiary. Privity is defined as the connection that exists between two contracting parties. *Collins Co. v. Carboline Co.*, 532 N.E.2d 834, 839 (Ill. 1998); *Samsel v. Allstate Ins. Co.*, 19 P.3d 621, 625 (Ariz. Ct. App. 2001). Generally, a

4

subsidiary corporation which is wholly owned by a parent corporation is considered a separate and distinct legal entity. *See Colin Hahn v. The Paul Revere Life Ins. Co.*, No. 03 C 1062, 2004 WL 557380, at *1 (N.D. Ill. Feb. 17, 2004); *Taeger v. Catholic Family & Cmty. Servs.*, 995 P.2d 721, 734 (Ariz. Ct. App. 1999). Plaintiff has presented no authority in support of its argument that a parent of its wholly-owned subsidiary is in privity to a contract signed by the subsidiary and another party, nor has Plaintiff demonstrated any other connection between Plaintiff and Defendant with regard to the Secured Promissory Note. Accordingly, Plaintiff is not in privity to Defendant.

Plaintiff next contends that, as the parent corporation, it is the real party in interest for the claims of its subsidiary, New Art Co. In support of this argument, Plaintiff cites *FDIC v. I-Tex Energy Corp.*, No. 83 C 3994, 1991 WL 61067, at *2 (N.D. Ill. Apr. 10, 1991) (*I-Tex*). However, as Defendant points out, that case is distinguishable because the subsidiary was actually added as a party plaintiff. *I-Tex*, 1991 WL 61067, at *2. Furthermore, on appeal, the Seventh Circuit recognized that the subsidiary's presence in the lawsuit was necessary: "[t]he district court recognized that [the subsidiary] should be added as a party Plaintiff." *FDIC v. Knostman*, 966 F.2d 1133, 1138 (7th Cir. 1992). Finally, as discussed above, both Illinois and Arizona law recognize that a subsidiary is generally a distinct and separate entity from a parent corporation.

Plaintiff contends that any claims that could be asserted by New Art Co. are merely ancillary to Plaintiff's claims relating to Defendant's alleged wrongdoings arising principally from the employment agreement and that New Art Co.'s claims regarding the Secured Promissory Note between Defendant and New Art Co. are only implicated in a limited fashion.

5

Although the claims regarding the Secured Promissory Note may only be ancillary to other claims between Plaintiff and Defendant as to the Note, clearly Plaintiff also is seeking to assert claims belonging to New Art Co., a separate and distinct entity. As discussed above, Plaintiff is not entitled to assert claims on behalf of New Art Co.

Based on the above, New Art Co. must be added as a party plaintiff for claims regarding the Secured Promissory Note.

*An Indispensable Party*

Defendant also contends that New Art Co. is an indispensable party that must be added to the matter. Defendant argues that he could prevail in the matter presently before the Court but still be subjected to liability from claims brought by New Art Co.

Motions brought pursuant to Federal Rule of Civil Procedure 19 for failure to join indispensable parties are analyzed via a two-step process. *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999) (*Thomas*). First, the court determines whether the absent party should be joined if feasible, *i.e.*, whether it is a necessary party. *Thomas*, 189 F.3d at 667. If the party is necessary but joinder is not feasible, the court must determine if the litigation can proceed in the party's absence, *i.e.*, if the party is an indispensable party. *Thomas*, 189 F.3d at 667.

The determination of whether a party is necessary depends on whether: (1) complete relief can be had without joinder, (2) the absent party's ability to protect its interest will be impaired, and/or (3) the existing parties will face a substantial risk of inconsistent obligations unless the absent party is joined. *Thomas*, 189 F.3d at 667.

Here, the relevant factors favor finding that New Art Co. is a necessary party to this action. First, as discussed above, Defendant cannot be assured of complete relief in this action

unless New Art Co. is added as a Plaintiff; if Defendant was victorious in this action, New Art Co. could assert similar claims against Defendant. Furthermore, contrary to Plaintiff's contentions, New Art Co. has a specific interest in this action. Although Plaintiff may own New Art Co., New Art Co., as a party to the Secured Promissory Note, owns the rights arising therefrom and must participate as a party to any action affecting these rights. Finally, without adding New Art Co. as a party in this case, Defendant and Plaintiff may be subject to inconsistent judgments if a later action is filed on the Note.

Once a court finds that the absent party is necessary, it must decide if that party is indispensable to the litigation. *Thomas*, 189 F.3d at 667. Four factors relevant to this determination are:

> (1) the extent to which a judgment entered in the absence of a party will be prejudicial to those currently before the court; (2) the extent to which such prejudice can be lessened or avoided by reshaping the judgment; (3) whether a judgment entered in a party's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed.

*Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990).

Plaintiff argues that New Art Co. is not indispensable because Plaintiff, as owner of New Art Co., owns the claims that could be asserted by New Art Co. which arise out of the Secured Promissory Note. However, as discussed above, only a party to a contract may assert claims arising out of a contractual relationship.

Plaintiff also argues that New Art Co. is not an indispensable party because Plaintiff's respective interest is identical to those of its wholly-owned subsidiary, New Art Co. *See, e.g., Extra Equipamentos E Exportado Ltda. v. Case Corp.*, 361 F.3d 359, 364 (7th Cir. 2004)

7

(*Extra*). That case, though, is distinguishable: the defendant, the parent corporation, argued that the matter should have been dismissed under Rule 19 because of the plaintiff's failure to join defendant's wholly-owned subsidiary as another defendant. *See Extra*, 361 F.3d at 364. The Seventh Circuit rejected that argument because the parent corporation had the "identical incentive to defend" its subsidiary's interest. *Extra*, 361 F.3d at 364. This factor, if applicable, is only one consideration in the determination of a party as indispensable.

Other factors weigh in finding that New Art Co. is indispensable to this action. As discussed above, any judgment entered in this action could be highly prejudicial to Defendant – i.e., New Art Co. could reassert its claims arising out of the Secured Promissory Note against Defendant. A full determination of Plaintiff's claims would have to include a determination of the parties' rights under the Secured Promissory Note. Finally, Plaintiff has an adequate remedy if this action is dismissed because Plaintiff and New Art Co. may bring all of their claims against Defendant in a state court of competent jurisdiction.

Based on the above, New Art Co. is an indispensable party under Federal Rule of Civil Procedure 19. New Art Co., though, cannot be added to the present action because its presence would eliminate complete diversity in this action. Accordingly, as additional grounds, the matter must also be dismissed for failure to join an indispensable party.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed. Defendant's Motion to Transfer Venue is denied as moot.

Dated: 9-22-04

JOHN W. DARRAH
United States District Judge